```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DERRICK VINCENT REDD,<br><br>      Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>      Defendants. | No. 18-cv-7679 (NLH) (KMW)<br><br><br>OPINION |

APPEARANCE:

Derrick Vincent Redd, No. 49502-083
FCI – Fairton
P.O. Box 420
Fairton, NJ 08320
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Derrick Vincent Redd, a prisoner presently incarcerated at Federal Correctional Institution ("FCI") Fairton in Fairton, New Jersey, has filed a Complaint which the Court will construe to be a civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971),[1] against the Federal Bureau of Prisons and the United States of America.

---

[1] Plaintiff states in his Complaint that he is bringing it pursuant to the Federal Tort Claims Act. See ECF No. 1 at 2. The claims he alleges, however, are constitutional torts and not claims for personal injury. Because Plaintiff is proceeding pro se, the Court will liberally construe his Complaint as a civil rights complaint pursuant to Bivens.

1

At this time, the Court must review Plaintiff's filing, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reason set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim.  28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

BACKGROUND

Plaintiff filed a Complaint and designated it as arising under the Federal Tort Claims Act.  ECF No. 1.  The Complaint itself does not contain factual allegations but an exhibit to the Complaint provides as follows:

> At issue is the fact that 30 plus days ago, an inmate who classifies themselves as transgender came to Delta Unit and immediately placed into my cell.  At that time, I was told that she was being placed into my cell at the direction of AWO-Johnson.  After several weeks of requesting the inmate's removal which was premised upon inappropriate behavior on their part with other inmates, I was ignored and the issue went unresolved.
>
> Around the 26th or 29th of September, 2017, I was brought informally before, the Captain, Case/Unit Managers, and Dr. Jabota, and accused of conduct that would normally get an inmate brought up on charges and placed into the SHU.  However, I was accused of inappropriate behavior with my cell-mate which was not supported with anything other than the accusation.  The accusations lodged against me were vicious, malicious, and mean-spirited.  Brought by an individual who had not been in Delta Unit for more than 30 days, against myself who has been in Delta

2

>            Unit for nine (9) years without incident, and who
>            works very, very hard in helping with the orderly
>            running of this institution as it relates to all
>            things laundry.  In other words, I have been an
>            outstanding inmate for 9 years without so much as a
>            blemish on my record, only to have my character
>            tarnished by an individual who has been caught red
>            handed committing inappropriate acts with another
>            inmate on the recreation yard, and left alone as if
>            she could do not wrong.  My due process has been
>            violated because I was sanctioned without due process
>            (a formal hearing), no incident report or proof other
>            than a known liar's word.

ECF No. 1-1 at 2-3.

This exhibit appears to be an administrative remedy form under the Federal Tort Claims Act.  Under the section for "Personal Injury/Wrongful Death" on the form, Plaintiff describes his injury as follows:  "The basis, nature of my personal injury is premised upon a blatant denial of my Constitutional Rights to Due Process, libel, slander, false accusations, retaliation, negligence in failing to properly investigate said false accusations at my detriment."  Id. at 2.  In addition, as for relief, Plaintiff requests "$50,000 for the blatant disregard and denial of my constitutional rights to due process, libel, slander, false accusations, retaliation and negligence in failing to properly investigate said false accusation."  ECF No. 1 at 6.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is

proceeding in forma pauperis and in which a plaintiff is incarcerated. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated. See ECF No. 5 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

In the Complaint, which the Court construes as a civil rights complaint pursuant to Bivens,[2] Plaintiff has sought relief against only the United States of America and the Federal Bureau of Prisons. The Court must dismiss without prejudice, however, the Complaint because both defendants are immune from suit.

In Bivens and its progeny, the Supreme Court held that damages may be obtained for injuries caused by certain constitutional violations committed by federal officials. In the limited settings where Bivens applies, "the implied cause of action is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'" Iqbal, 556 U.S. at 675-76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity." Corr. Services. Corp. v. Malesko, 534 U.S. 61, 72 (2001).

A Bivens suit, however, may not be brought against the United States or its agencies. "Absent a waiver, sovereign

---

[2] Plaintiff alleges no injury to his person or his property in his Complaint. Instead, he only alleges constitutional tort claims against the United States. Such claims would fail as a matter of law against the United States under the FTCA. See Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007).

5

immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). See also Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007) (noting that the United States is immune from Bivens claims). Here, because Plaintiff has only brought his suit against the United States and the Bureau of Prisons, which are both immune, the Court must dismiss the Complaint.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Because it is possible that the Plaintiff may be able to amend his Complaint to add individual defendants who are amenable to suit under Bivens or to add a cognizable[3] and exhausted claim under the FTCA for which the United States would be the proper defendant, the Court will grant leave to amend in order to allow Plaintiff an opportunity to cure these pleading deficiencies.

---

[3] Cognizable claims under the Federal Tort Claims Act for which the United States has waived sovereign immunity include only those for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The United States specifically retained sovereign immunity from and such an FTCA suit could not be brought for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice as the defendants are immune from suit, with leave to amend granted.  An appropriate order follows.


Dated: October 29, 2018          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.